```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

TINA L. MAGWOOD, individually )
and as parent and natural )
guardian of minor child, )
ALLEN JACKSON, )
)
)
        Plaintiff, )
)
    vs. ) Civil Action No. 05-945
)
CHRISTINA FRENCH, individually )
and officially, DR. JACQUELINE )
WEBB, individually and )
officially, VAN DEREK SMITH, )
individually and officially, )
RICHARD ADAMS, individually )
and officially, HELEN KUHN, )
individually and officially, )
CITY OF DUQUESNE and SCHOOL )
DISTRICT OF DUQUESNE, )
)
        Defendants. )

### MEMORANDUM ORDER

Plaintiffs, Tina L. Magwood (individually, "Magwood") and Allen Jackson (individually, "Jackson"), a minor, filed this civil action on July 8, 2005, asserting claims against defendants, Christina French, Dr. Jacqueline Webb, Van Derek Smith (individually, "Smith"), Richard Adams (individually, "Adams"), Helen Kuhn, City of Duquesne (individually, "the City") and School District of Duquesne, under 42 U.S.C. § 1983 (Counts I and II) and under the Pennsylvania Constitution and common law (Count III). Jackson is a student at Duquesne Elementary School, and plaintiffs' claims arise out of assaults on Jackson by other Duquesne Elementary School students between January or February, 2003 and March 15, 2005.

On September 9, 2005, Smith, Adams and the City (collectively, "the City defendants") moved to dismiss plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(6). With respect to Count I of the complaint, which is asserted against all defendants, the City defendants assert that plaintiffs have failed to establish a Section 1983 claim against them under the state-created danger theory of liability. As to the claims asserted against Smith (Counts I and III) and Adams (Counts I and II), the City defendants assert that Smith and Adams are entitled to qualified immunity. Regarding Count II of the complaint, Adams and the City assert that plaintiffs cannot establish their claim of a failure to train because there was no underlying violation of plaintiffs' civil rights by these defendants. Turning to Count III of the complaint, the City defendants join in the motion of their co-defendants to dismiss Count III. In addition, the City defendants assert that Smith is immune from the state law claims asserted in Count III (to the extent the claims sound in negligence) under the Political Subdivisions Tort Claims Act, 42 Pa.C.S.A. § 8541. In connection with plaintiffs' claim for punitive damages, the City defendants assert that they are immune from such damages under Section 1983. Finally, the City defendants join in the motion of their co-defendants to dismiss the Section 1983 claims asserted by Magwood.

On September 21, 2005, plaintiffs moved for an extension of time in which to respond to the City defendants'

motion to dismiss. The motion, which was not opposed, was granted, and, on September 30, 2005, plaintiffs filed a motion for leave to file an amended complaint, together with the proposed amended complaint. In the motion, plaintiffs indicate their desire to file an amended complaint to (a) withdraw the Section 1983 claim against the City in Count I; (b) withdraw the claims asserted against Adams; (c) withdraw the state law claims asserted in Count III; (d) limit their request for punitive damages to the individual defendants in their individual capacities; and (e) withdraw the Section 1983 claim against the City in Count II and add a new Count III to assert another Section 1983 claim solely against the City. By Order dated October 4, 2005, defendants were directed to file a response to plaintiffs' motion for leave to file an amended complaint on or before October 20, 2005, and the Order provided that failure to file a response will be deemed consent to the motion.

On October 20, 2005, the City defendants filed a response to plaintiffs' motion for leave to file an amended complaint, indicating that they do not oppose the motion or the amended complaint attached to the motion and will agree to withdraw their motion to dismiss on the condition that the Court permit them to raise some or all of the arguments set forth in their motion to dismiss in a motion for summary judgment after the close of discovery, which the Court finds reasonable and appropriate. Under the circumstances, plaintiffs' motion for

leave to file an amended complaint will be granted, and the motion of the City defendants to dismiss plaintiffs' complaint will be denied without prejudice to the right of said defendants to raise the arguments set forth in their motion to dismiss in a motion for summary judgment after the close of discovery.

AND NOW, this 2nd day of November, 2005, IT IS SO ORDERED.

*William L. Standish*
William L. Standish
United States District Judge

cc: Jeffrey L. Suher, Esq.
4328 Old William Penn Highway
Suite 2J
Monroeville, PA 15146
Email: jsuherlaw@adelphia.net

Teresa O. Sirianni, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN
  & GOGGIN
600 Grant Street, USX Tower
Suite 2900
Pittsburgh, PA 15219
Email: tsirianni@mdwcg.com

Anthony G. Sanchez, Esq.
ANDREWS & PRICE
1500 Ardmore Boulevard
Suite 506
Pittsburgh, PA 15221
Email: asanchez@andrewsandprice.com