IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TINA L. MAGWOOD, individually )
and as parent and natural )
guardian of minor child, )
ALLEN JACKSON, )
 )
        Plaintiff, )
 )
   vs. ) Civil Action No. 05-945
 )
CHRISTINA FRENCH, individually )
and officially, DR. JACQUELINE )
WEBB, individually and )
officially, VAN DEREK SMITH, )
individually and officially, )
HELEN KUHN, individually and )
officially, CITY OF DUQUESNE )
and SCHOOL DISTRICT OF )
DUQUESNE, )
 )
        Defendants. )

## MEMORANDUM ORDER

Plaintiffs, Tina L. Magwood (individually, "Magwood") and Allen Jackson (individually, "Jackson"), a minor, filed this civil action on July 8, 2005.[1] Jackson is a student at Duquesne Elementary School in Duquesne, Pennsylvania, and plaintiffs' claims arise out of assaults on Jackson by other Duquesne Elementary School students between January or February, 2003 and March 15, 2005. The following individuals and entities were named as defendants in the complaint: Christina French ("French"), Dr. Jacqueline Webb ("Webb"), Van Derek Smith ("Smith"), Richard Adams ("Adams"), Helen Kuhn ("Kuhn"), City of

---

[1] Magwood is the parent and natural guardian of Jackson.

Duquesne ("the City") and School District of Duquesne ("the School District").[2]

In Count I, plaintiffs asserted a Section 1983 claim against all of the defendants based on a state-created danger theory of liability. In Count II, plaintiffs asserted a Section 1983 claim against French, Webb, Adams, the City and the School District, alleging that the policies and/or customs of these defendants, which included concealing information about violence and failing to address safety concerns in the Duquesne Elementary School, resulted in the violation of Jackson's due process right to bodily integrity under the 14th Amendment. Finally, in Count III, plaintiffs asserted claims against French, Smith and Kuhn under the Pennsylvania Constitution and Pennsylvania common law.

On August 10, 2005, French, Webb, Kuhn and the School District (collectively, "the School defendants") filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and/or a motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e), seeking (a) the dismissal of plaintiffs' claims for punitive damages in connection with the Section 1983 claims; (b) the dismissal of the claims asserted by Magwood; and (c) the dismissal of the state

---

[2]With respect to the positions held by the individuals named as defendants in the complaint, it was alleged that, at all relevant times, French was the Principal of Duquesne Elementary School, Webb was the Superintendent of the School District, Smith was a police officer with the City who was assigned to Duquesne Elementary School, Adams was the City's Chief of Police, and Kuhn was a teacher employed by the School District.

2

law claims asserted in Count III or, in the alternative, a more definite statement as to Count III.

On September 9, 2005, Smith, Adams and the City (collectively, "the City defendants") filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). On September 30, 2005, in response to the City defendants' motion to dismiss, plaintiffs filed a motion for leave to file an amended complaint to (a) withdraw the Section 1983 claim against the City in Count I; (b) withdraw the claims asserted against Adams; (c) withdraw the state law claims asserted in Count III; (d) limit the request for punitive damages to the individual defendants in their individual capacities; and (3) withdraw the Section 1983 claim against the City in Count II and add a new Count III to assert another Section 1983 claim solely against the City.

On October 20, 2005, the City defendants filed a response to plaintiffs' motion for leave to file an amended complaint, indicating that they did not oppose the motion or the proposed amended complaint attached to the motion and would agree to withdraw their motion to dismiss on the condition that the Court permit them to raise some or all of the arguments set forth in their motion to dismiss in a motion for summary judgment after the close of discovery. Based on the response of the City defendants, by memorandum order dated November 2, 2005, the Court granted plaintiffs' motion for leave to file an amended complaint

and denied the City defendants' motion to dismiss without prejudice to their right to raise the arguments set forth in the motion to dismiss in a motion for summary judgment after the close of discovery. By a separate order dated November 2, 2005, the caption of this case was amended to delete Adams as a defendant.

On November 8, 2005, plaintiffs filed their first amended complaint. In Count I, plaintiffs assert a Section 1983 claim against French, Webb, Smith, Kuhn and the School District based on a state-created danger theory of liability. In Count II, plaintiffs assert a Section 1983 claim against French, Webb and the School District, alleging that the policies and/or customs of these defendants resulted in the violation of Jackson's due process right to bodily integrity under the 14th Amendment. In Count III, plaintiffs assert a Section 1983 claim against the City, alleging that the City, which is responsible for security in the schools within the School District, acted in callous disregard of Jackson's due process right to bodily integrity under the 14th Amendment. Plaintiffs' first amended complaint also limits the request for punitive damages to the individual defendants in their individual capacities.

In light of plaintiffs' first amended complaint, the School defendants' motion to dismiss will be denied as moot with respect to (a) the claims for punitive damages asserted by

plaintiffs in the original complaint against the School District and against French, Webb and Kuhn in their official capacities and (b) the state law claims asserted by plaintiffs in Count III of the original complaint. As to the School defendants' motion to dismiss the claims asserted by Magwood, the Court agrees that Magwood has failed to state a claim upon which relief may be granted. Specifically, Magwood lacks standing to assert a Section 1983 claim against defendants arising out of the alleged deprivation of her son's right to bodily integrity under the 14th Amendment. Accordingly, the claims asserted by Magwood in the first amended complaint will be dismissed. *See, e.g.*, Hall v. Tawney, 621 F.2d 607 (4th Cir.1980)(Parents of pupil who was paddled by teacher could not maintain cause of action under § 1983 against teacher and school officials); Yap v. Oceanside Union Free School Dist., 303 F.Supp.2d 284 (E.D.N.Y.2004)(Parent of Asian-American elementary school student, who alleged that her individual interest in care, custody and management of her child was violated by deliberate indifference of school district and school officials to pupils' abuse of student, lacked standing to assert personal violation of her substantive due process and equal protection rights under § 1983); Morgan v. City of New York, 166 F.Supp.2d 817 (S.D.N.Y.2001)(Mother lacked standing to bring individual claims under § 1983 based upon a deprivation of her daughter's constitutional rights); Boykin v. Bloomsburg

University of Pennsylvania, 893 F.Supp. 400 (M.D.Pa.1995), *aff'd*, 91 F.3d 122 (3d Cir.1996), *cert. denied*, 519 U.S. 1078 (1997) (Only persons actually deprived of their civil rights can address such rights in a civil rights action); Soto v. Carrasquillo, 878 F.Supp. 324 (D.PuertoRico1995), *aff'd*, 103 F.3d 1056 (1st Cir.), cert. denied, 522 U.S. 819 (1997)(Individual does not have cause of action under § 1983 for due process violation based on injury or death of family member).

AND NOW, this 10TH day of November, 2005, IT IS SO ORDERED.

*[signature]*
William L. Standish
United States District Judge

cc: Jeffrey L. Suher, Esq.
4328 Old William Penn Highway
Suite 2J
Monroeville, PA 15146
Email: jsuherlaw@adelphia.net

Anthony G. Sanchez, Esq.
ANDREWS & PRICE
1500 Ardmore Boulevard
Suite 506
Pittsburgh, PA 15221
Email: asanchez@andrewsandprice.com

Teresa O. Sirianni, Esq.
MARSHALL, DENNEHEY, WARNER, COLEMAN
  & GOGGIN
600 Grant Street, USX Tower
Suite 2900
Pittsburgh, PA 15219
Email: tsirianni@mdwcg.com